UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JAMES ADAMS,<br><br>     Defendant. | Criminal No. 24-cr-10121-ADB |

## [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING COOPERATING WITNESS INFORMATION

The Court has read and considered the assented-to motion by the government for a Protective Order Regarding Discovery Containing Cooperating Witness Information. FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to the defendant's charges by superseding indictment, in *United States v. James Adams*, 24-cr-10121-ADB.

2. Certain parts of the discovery in this case relate to a cooperating witness involved in the investigation of this case, and therefore the discovery contains identifying information. The dissemination or distribution of these materials could expose him/her to potential safety risks.

3. The discovery related to the cooperating witness that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

    a. For purposes of the Protective Order, the term "confidential materials" includes any information relating to a cooperating witness's prior history of cooperation with law enforcement, any cooperating witness's recorded statements, whether

written or oral, prior criminal history, or any other information that could be used to identify the cooperating witness, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

b.  For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm or office who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to the defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include the defendant, the defendant's family members, or any other associates of the defendant.

c.  Defendant's counsel of record shall agree to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

d.  The government is authorized to provide the defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If the defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, after first attempting in good faith to resolve his objection(s) with the government.

e.  The defendant may review Protected Information in this case only in the presence of a member of the defense team. Counsel of record shall ensure that the defendant does not maintain or keep, and is never left alone with any Protected Information. The defendant may not write down or memorialize any confidential materials contained in the Protected Information. At the conclusion of any meeting with the defendant, the defense team shall take with them all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of the defendant, whether he is incarcerated or not.

f.  The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including the defendant.

g.  The defense team may review Protected Information with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the defense team must be present if Protected Information is being shown to the defendant. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or

potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

h. The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

i. To the extent that notes are made that memorialize, in whole or in part, the confidential materials in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j. The defense team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeals filed by the defendant and any motions filed by the defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal, unless relief from the restrictions imposed in the protective order are first obtained from the Court.  If the Court rejects the request to file such information

under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such parties an opportunity to object or otherwise respond to such intention. If the other parties do not object to the proposed filing, the party seeking to file such information shall redact the confidential material and make all reasonable attempts to limit the disclosure of confidential materials.

k. Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing confidential materials to the government or certify that such materials have been destroyed.

l. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning to the government or certifying the destruction of all Protected

      Information and materials otherwise identified as containing confidential materials upon the conclusion of appellate and post-conviction proceedings.

m. When providing protected discovery materials to third parties, defense counsel or his or her agent must inform the person that the materials are provided subject to the terms of this Protective Order and that the person must comply with the terms of this Protective Order, and the person to whom such protected discovery materials are provided must sign an acknowledgement to be bound by the terms of the Protective Order.

n. Notwithstanding anything else in the Protective Order to the contrary, documents produced by the government in discovery will not be subject to this Protective Order unless they are marked by the government with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER."

SO ORDERED.

10/11/2024             /s/ M. Page Kelley
DATED                        HONORABLE M. PAGE KELLEY
                              UNITED STATES MAGISTRATE JUDGE